992 So.2d 872 (2008)
Aracelis Jeannette AGUILAR, Appellant,
v.
Ricardo R. MONTERO, Sr., Appellee.
No. 3D07-1068.
District Court of Appeal of Florida, Third District.
October 15, 2008.
Elena B. Langan, for appellant.
Buckner, Shifrin, Rice & Etter, Miami; Baker & McKenzie and Robert F. Kohlman, Miami, for appellee.
Before COPE, SUAREZ, and LAGOA, JJ.
COPE, J.
This is an appeal of a final order entered subsequent to dissolution of marriage. The question we address is whether a waiver of temporary support in a prenuptial agreement may be enforced. Under existing law, the answer is no.
The appellant former wife and the appellee former husband entered into a prenuptial agreement. The agreement provides a waiver of any claim for support as of the date that either party files a petition for dissolution of marriage. The former husband filed his petition on October 6, 2005. The final judgment of dissolution was entered on January 12, 2006.[1]
*873 In accordance with the agreement, the trial court ruled that any claim by the former wife for support was waived as of October 6, 2005. Accordingly, the court denied the former wife's claim for support for the period between the October 6, 2005 filing date, and January 12, 2006 dissolution date.[2]
"Florida law approving prenuptial agreements concerning post-dissolution support has so far not extended to provisions waiving the right to recover pre-judgment support such as temporary alimony." Lashkajani v. Lashkajani, 911 So.2d 1154, 1157 (Fla.2005); Belcher v. Belcher, 271 So.2d 7, 11 (Fla.1972). "The evolution in our law ... has been toward greater freedom of contract regarding post-dissolution spousal support, while recognizing the continuing obligations of support before the marriage is dissolved." Lashkajani, 911 So.2d at 1158. We therefore conclude that the former wife was entitled to support through the date of the final judgment of dissolution of marriage on January 12, 2006.
The former husband argues that this case should be distinguished because the prenuptial agreement provided for certain support that the former wife would receive for a one-year period after the divorce decree. That is not a viable distinction. Prenuptial agreements frequently specify what benefits will be received subsequent to dissolution of marriage. See generally Lashkajani, 911 So.2d at 1156-58. Florida case law nonetheless holds, as already stated, that the right to pre-dissolution support cannot be waived. We therefore must reverse the order now before us and remand for a determination of the support issue consistent with this opinion.
We affirm on the remaining issues without discussion.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] The final judgment of dissolution of marriage directed the parties to comply with the prenuptial agreement, and reserved jurisdiction to enforce it. The matter recurred before the trial court on the parties' disagreement regarding the interpretation of the temporary support provision and certain other issues.
[2] The former wife argues a different construction of the prenuptial agreement, but for present purposes we treat the trial court's interpretation as being correct.